Gemma L. Mondala (SBN 261945)
REZNIK LAW OFFICE
30 Wall Street, 8th Floor #741
New York, NY 10005
Tel (650) 877-2375
Fax (877) 366- 4747
Email: gemma.m@rezniklawoffice.com

Attorney for Plaintiff JOSE SAUCEDO

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE SAUCEDO,<br><br>                            Plaintiff,<br><br><br>   – against–<br><br>CREDIT SHOP, INCORPORATED,<br>CACH, LLC, AND FRESH VIEW<br>SOLUTIONS,<br><br>                         Defendants. | **CASE NO.**<br><br>**COMPLAINT FOR:**<br>**1.) BREACH OF CONTRACT;**<br>**2.) BREACH OF GOOD FAITH**<br>     **AND FAIR DEALING; AND**<br>**3.) VIOLATIONS OF THE FAIR**<br>     **DEBT COLLECTIONS**<br>     **PRACTICES ACT**<br>     **[15 U.S.C. 1692, et seq.]**<br><br>**DEMAND FOR JURY** |

Plaintiff JOSE SAUCEDO (hereinafter "Plaintiff"), by and through his attorneys, Reznik Law Office, P.C., by way of Complaint against Defendants, CREDIT SHOP, INCORPORATED ("Credit Shop"), CACH, LLC ("CACH"), and FRESH VIEW SOLUTIONS ("Fresh View"), alleges as follows:

## INTRODUCTION

1.    This is an action for damages brought by an individual consumer for Defendants' breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of the Fair Debt Collection Practices Act, 15 U.S.C. §

1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## PARTIES

1.     Plaintiff Jose Saucedo is an adult domiciled in the County of Orange, State of California. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

2.     Defendant Credit Shop is a for profit business entity organized and existing under the law of Colorado, that is regularly engaged in the business of collecting debts in California, with its principal place of business located at 5926 Balcones Dr., Suite 215, Austin, Texas 78731.

3.     Defendant CACH is a for profit business entity organized and existing under the law of Colorado, that is regularly engaged in the business of collecting debts in California, with its principal place of business located at 6801 S. Cimmaron Road, Suite 424 H, Las Vegas, NV 89113, United States.

4.     Defendant Fresh View is a for profit business entity organized and existing under the law of Colorado, that is regularly engaged in the business of collecting debts in California, with its principal place of business located at 6300 South Syracuse Way, Suite 200, Centennial, CO 80111.

5.     Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Federal question jurisdiction arises pursuant to 15 U.S.C. § 1692.

7.     Venue is proper in the Central District of California pursuant to 15 U.S.C. § 1391(b)(2), because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district.

## FACTUAL ALLEGATIONS

8.     Defendant Fresh View attempted to collect a debt allegedly owed by

Plaintiff relating to consumer purchases allegedly owed to CACH.

9.     The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and constitutes a "debt" for purposes of 15 U.S.C. § 1692a(5).

10.    On or about February 13, 2017, Plaintiff and Defendant Fresh View on behalf of CACH, entered into a settlement agreement for Plaintiff's CACH account ending in 5370. A copy of the settlement agreement is attached herein as **Exhibit A**.

11.    Pursuant to the terms of the settlement, Plaintiff was required to make three (3) payments totaling $688.00 to settle and close his Fresh View account.

12.    Defendant Fresh View acknowledged in writing that they had agreed to a settlement with Plaintiff, in consideration of monthly payments, which Plaintiff would be required to make.

13.    Plaintiff, via National Debt Relief ("NDR"), timely made the requisite settlement payments.

14.    Although Plaintiff and NDR timely made the settlement payments available on the days agreed upon, Fresh View and CACH accepted and cashed only two of the three payments. Proofs of these payments are attached herein as **Exhibit B.**

15.    On May 24, 2017, NDR contacted Defendant Fresh View to resolve the payment discrepancy. A Fresh View representative named "Ivan" explained that the account was recalled and that NDR should contact Defendant CACH.

16.    Minutes later, NDR contacted Defendant CACH to resolve the payment discrepancy. A CACH representative named "Vanessa" explained that the account was with moved to Defendant Credit Shop.

17.    On or about September 14, 2017, NDR contacted Defendant Credit Shop to resolve the payment discrepancy and a Defendant Credit Shop representative named "Samantha" explained that they would not honor the

COMPLAINT
AND DEMAND FOR JURY

settlement agreement.

18.   Defendants breached the settlement agreement with Plaintiff by refusing to accept payment.  In not honoring the settlement agreement, Defendants' settlement was clearly made in bad faith, false, deceptive, and misleading, in violation of the FDCPA.

19.   Defendants Fresh View and Credit Shop knew or should have known that their actions violated the FDCPA. Additionally, Defendants Fresh View and Credit Shop failed to comply with the FDCPA.

20.   At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of its employment, and under the direct supervision and control of the Defendants named herein.

21.   At all times pertinent hereto, the conduct of Defendants, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## **COUNT I**

(Breach of Contract as to Defendants Fresh View and CACH)

22.   Plaintiff reasserts and incorporates paragraphs 1 through 21 above as if fully set forth herein.

23.   Defendants Fresh View and CACH entered into a settlement agreement with Plaintiff.

24.   In consideration for closing Plaintiff's account and reporting it as "settled in full", Defendant Fresh View agreed to accept a lump sum made over three payments.

25.   Plaintiff timely made the requisite payments in accordance with the settlement agreement.

4

COMPLAINT
AND DEMAND FOR JURY

26. Although the funds were made available, Defendants Fresh View and CACH accepted and cashed only 2 of the 3 payments.

27. Defendants Fresh View and CACH breached the agreement by refusing to accept the final payment and continuing pursuit of the final balance from Plaintiff.

28. As a result of Defendants Fresh View and CACH, Plaintiff has suffered actual and monetary damages.

**COUNT II**

(Breach of Implied Covenant of Good Faith and Fair Dealing as to Defendants Fresh View and CACH)

29. Plaintiff reasserts and incorporates paragraphs 1 through 28 above as if full set forth herein.

30. Defendants Fresh View and CACH owed Plaintiff an implied duty of good faith and fair dealing with respect to the settlement agreement entered into between Defendants Fresh View and CACH and Plaintiff.

31. By way of the foregoing conduct, Defendants Fresh View and CACH breached the implied covenant of good faith and fair dealing that they owed to Plaintiff with respect to the settlement agreement.

32. Defendants Fresh View and CACH have acted unreasonably and in bad faith and deprived Plaintiff of the benefit of the bargain of the settlement agreement by refusing to perform their obligations under the settlement agreement.

33. As a result of Defendants Fresh View and CACH's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered actual and monetary damages.

**COUNT III**

(Fair Debt Collection Practices Act as to Defendants Fresh View and Credit Shop)

34. Plaintiff reasserts and incorporates paragraphs 1 through 33 above as

5

COMPLAINT<br>AND DEMAND FOR JURY

1    if full set forth herein.

2         35.    Defendants Fresh View and Credit Shop violated provisions of the

3    FDCPA, including, but not limited to, the following:

4         36.    FDCPA 15 U.S.C. § 1692e(10) prohibits the use of any false

5    representation or deceptive means to collect or attempt to collect any debt or to

6    obtain information concerning a consumer.

7         37.    The false representation of the character, amount or legal status of any

8    debt is a violation of 15 U.S.C. § 1692e(2)(a).

9         38.    FDCPA 15 U.S.C. § 1692f(1) prohibits the use of unfair or

10   unconscionable practices to collect a debt, including collection of any amount not

11   authorized by the contract or law.

12        39.    Defendants Fresh View and Credit Shop violated the above provisions

13   of the FDCPA by falsely and deceptively inducing Plaintiff to enter into a

14   settlement agreement, which they did not intend to adhere to, and/or intended to

15   breach.

16        40.    As a result of the above violations of the FDCPA, Defendants Fresh

17   View and Credit Shop are liable to Plaintiff for actual damages, statutory damages

18   which can be up to $1,000, attorney's fees and costs.

19                                    **<u>PRAYER FOR RELIEF</u>**

20        **WHEREFORE**, Plaintiff JOSE SAUCEDO demands that judgment in the

21   sum of $12,000.00 be entered against Defendants CREDIT SHOP,

22   INCORPORATED, CACH, LLC, AND FRESH VIEW SOLUTIONS as follows:

23        1.    That judgment be entered against Defendants Fresh View and

24              CACH for actual and monetary damages accrued by Plaintiff as

25              a result of its breach of contract;

26        2.    That judgment be entered against Defendants Fresh View and

27              CACH for actual and monetary damages accrued by Plaintiff as

28

COMPLAINT
                                        AND DEMAND FOR JURY

a result of its breach of the implied covenant of good faith and fair dealing;

3.   That judgment be entered against Fresh View and Credit Shop for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

4.   That judgment be entered against Fresh View and Credit Shop for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

5.   That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

6.   That the Court grant such other and further relief as may be just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated this 2nd Day of March, 2018.

Respectfully Submitted,

**REZNIK LAW OFFICE, P.C.**

*s/ Gemma L. Mondala*
GEMMA L. MONDALA
Counsel for Plaintiff JOSE SAUCEDO

COMPLAINT
AND DEMAND FOR JURY